UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>Defendants. | Case No. 25-cv-09746-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS TO RECOVER COSTS, DEFENDANTS' MOTION TO DECLARE PLAINTIFF VEXATIOUS, AND PLAINTIFF'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 18, 22, 26, 42, 45, 46 |

Pending before the Court are Defendants' motions to dismiss. Dkt. Nos. 22, 26. Also pending before the Court are Plaintiff's motions to recover costs, Dkt. Nos. 18 and 46, Defendants' motion to declare Plaintiff a vexatious litigant, Dkt. No. 42, and Plaintiff's motion to strike, Dkt. No. 45. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** Defendants' motions to dismiss and **DENIES** the remaining motions.

## I.    BACKGROUND

Pro se Plaintiff Sergey Firsov filed this case in November 2025 against Defendants United Airlines, Inc. and Deutsche Lufthansa Aktiengesellschaft.[1] *See* Dkt. No. 1 ("Compl."). Plaintiff has filed several other cases in this district against these Defendants and other airlines.[2] *See, e.g.*,

---

[1] Plaintiff also initially named Marriott International, Inc. as a defendant, but voluntarily dismissed it on April 24, 2026, pursuant to Federal Rule of Civil Procedure 41(a)(1). Dkt. Nos. 39, 43.

[2] Plaintiff has been declared a vexatious litigant in California state court. *See* Judicial Council of California Vexatious Litigant List, https://courts.ca.gov/system/files/file/vexlit.pdf (last visited July 7, 2026). A court in this district also recently imposed a pre-filing order on Plaintiff as a vexatious litigant under 28 U.S.C. § 1651(a). *See Firsov v. Scandinavian Airlines System Denmark-Norway-Sweden*, Case No. 5:25-cv-03691-EMC, Dkt. No. 113 (N.D. Cal. June 23,

*Firsov v. United Airlines, Inc., et al.*, Case No. 5:25-cv-03784-BLF, 2026 WL 891759 (N.D. Cal. Apr. 1, 2026); *Firsov v. Alaska Airlines, Inc.*, 817 F. Supp. 3d 814 (N.D. Cal. 2025). Plaintiff's complaint here is difficult to understand, but at bottom, he appears to allege that Defendants wrongly denied him elite airline status and flight benefits, resulting in economic harm and emotional distress. *See* Compl. at 5. Plaintiff contends that he qualified for Marriott "Bonvoy Titanium Elite" status in December 2024, and that this membership should have granted him United "MileagePlus Silver" status when he linked his Marriott and United accounts. *See id.* at 3. Plaintiff further suggests that his status as a United MileagePlus Silver Status member also entitled him to waived baggage fees and free upgrades on Lufthansa flights.[3] *See id.* at 3–5. Plaintiff alleges that despite linking his accounts and repeatedly contacting Marriott and United, United did not register his MileagePlus Silver membership status until five months later in May 2025. *See id.* at 3. Between December 2024 and May 2025, Plaintiff booked numerous international flights with United, Lufthansa, and other "Star Alliance" airlines. *See id.* at 4. Plaintiff states that because of the delay in processing his United MileagePlus Silver status, he did not receive the seat upgrades or fee waivers that he was entitled to on these flights. *See id.* Plaintiff thus asserts that he had to pay between $40 to $100 in baggage fees on each flight and $130 to $150 to reserve space for a pet in the cabin on at least two occasions. *See id.* Plaintiff appears to concede that Marriott later provided him with "points" and United refunded him $40 in baggage fees for each flight. *See id.* at 4. Still, Plaintiff states that he suffered emotional distress because he was denied the benefits he was allegedly owed. *See id.*

Based on these allegations, Plaintiff purports to bring two federal claims under the Montreal Convention for "delay [of] passenger and baggage" and "tortious interference with international contracts," as well as several state law claims. *See id.* at 5–9. Plaintiff seeks to recover the cost of all the tickets he purchased during the relevant timeframe; monetary damages for emotional distress; punitive damages; and an additional year of MileagePlus Silver status. *Id.*

_____

2026).

[3] In reviewing the exhibits attached to the complaint, Plaintiff also appears to have reserved several flights on United that were operated by Lufthansa. *See* Compl. at 19, 31, 34, 42.

2

at 14.

## II.   MOTIONS TO DISMISS

Defendants United and Lufthansa have moved to dismiss the complaint.  Dkt. Nos. 22, 26.

### A.   Legal Standard

#### i.   Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction," and "[t]hey possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject matter jurisdiction exists."  *See Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 975, n.12 (9th Cir. 2012) (quotation omitted).  The party invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331.  Such jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Accordingly, a case may "aris[e] under" federal law for the purpose of 28 U.S.C. § 1331 "when federal law creates the cause of action asserted."  *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

#### ii.   Rule 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss based on the court's lack of personal jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2).  When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  At the motion to dismiss stage, "the plaintiff need only make a prima facie showing of jurisdictional facts" that "if true would support jurisdiction over the defendant."  *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  "Although the plaintiff cannot simply rest on the bare allegations of

United States District Court
Northern District of California

3

[his] complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotations omitted). The Court must also resolve any conflicts in the evidence in the plaintiff's favor. *Id.*

### iii.    Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

//

//

4

**B.      Discussion**

      **i.      Personal Jurisdiction as to Lufthansa**

As an initial matter, Defendant Lufthansa moves to dismiss based on a lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  Dkt. No. 26.

There are two types of personal jurisdiction: "general or all-purpose" and "specific or case-linked."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  "General jurisdiction . . . permits a court to hear any and all claims against a defendant, whether or not the conduct at issue has any connection to the forum."  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quotation omitted).  A court may exercise general jurisdiction only when the defendant's "affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State."  *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear*, 564 U.S. at 919 (2011)).  For corporate defendants, the place of incorporation and the principal place of business are the "paradigm" fora for general jurisdiction.  *Id.* at 137.

"Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy."  *Goodyear*, 564 U.S. at 919.  The Ninth Circuit has established a three-part inquiry, referred to as the minimum contacts test, to determine whether a court has specific personal jurisdiction over a defendant as to a dispute:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 603 (9th Cir. 2018) (quoting *Schwarzenegger*, 374 F.3d at 802).

Lufthansa argues that the Court lacks both general and specific jurisdiction over it.

United States District Court
Northern District of California

According to Lufthansa, it is a German company, "duly organized and existing under the laws of the Federal Republic of Germany," and maintaining "its principal place of business in Cologne, Germany." Dkt. No. 27, Ex. A at ¶¶ 5, 7. Plaintiff appears to recognize this, listing a German address in the complaint. *See* Compl. at 2. Lufthansa further contends that its affiliations with the state of California are limited. *See* Dkt. No. 27, Ex. A at ¶¶ 8–15. For example, of its 100,000 worldwide employees, only 39 are based in California. *See id.* at ¶ 9. In short, Lufthansa states that it does not have any affiliations with the state that "render [it] essentially at home" here. *See Daimler*, 571 U.S. at 122, 137 (quoting *Goodyear*, 564 U.S. at 919 (2011)).

Plaintiff appears to argue that the Court has both general and specific jurisdiction over Lufthansa, but offers little support for either contention. *See* Dkt. No. 30. Plaintiff broadly asserts that Lufthansa has its "primary place of business in SFO, California and [is] registered here." *See id.* at 4. But the existence of a single office of unknown size or function at the San Francisco airport is not enough to support general jurisdiction. Plaintiff also suggests that specific jurisdiction exists because "[a]ll flights started and ended in SFO, CA." *See id.* But this is not clear in the complaint. Plaintiff appears to allege that at least one international flight for which he was required to pay baggage fees "started/ended in SFO – in California." Compl. at 5. But Plaintiff offers no additional information about this flight or the baggage fees that he was purportedly required to pay. *See id* at 3–5. It's not clear, for example, whether Plaintiff was required to pay these baggage fees in California. *See id.* Without more, the Court cannot determine whether the dispute "arises out of or relates to" Lufthansa's "forum-related activities" in California. *See Freestream*, 905 F.3d at 603 (quoting *Schwarzenegger*, 374 F.3d at 802). Plaintiff bears the burden of establishing personal jurisdiction, and he has not done so. *See Pebble Beach Co.*, 453 F.3d at 1154. Therefore, the Court **GRANTS** the motion to dismiss Lufthansa under Rule 12(b)(2).

### ii.    Montreal Convention Claims

Plaintiff purports to bring two claims against Defendants under the Montreal Convention, a multi-lateral treaty governing "all international carriage of persons, baggage or cargo performed by aircraft for reward." Convention for the Unification of Certain Rules for International Carriage

United States District Court
Northern District of California

by Air, art. 1(1), May 28, 1999, ICAO Doc. No. 9740 (entered into force on November 4, 2003) ("Montreal Convention" or "Convention"). The Convention "provides the exclusive remedy for international passengers seeking damages against airline carriers." *Narayanan v. Brit. Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014).

As an initial matter, Defendants contend that the Court lacks subject matter jurisdiction because Plaintiff has not alleged a viable claim under the Montreal Convention. *See* Dkt. No. 22 at 5–7; Dkt. No. 26 at 5–8. Defendants' arguments under Rule 12(b)(1) collapse into their arguments under Rule 12(b)(6). As explained more fully below, the Court agrees that Plaintiff has failed to state a claim under the Montreal Convention, but finds that Defendants' arguments are appropriately resolved under Rule 12(b)(6). *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.") (quotation omitted). The Court therefore turns to the substance of Plaintiff's allegations under the Montreal Convention.

Airline carriers may be liable under the Montreal Convention for: (1) "Death and Injury of Passengers" (Article 17(1)); (2) loss, damage, or destruction of baggage (Article 17(2)–(3)); and (3) "delay in the carriage by air of passengers, baggage, or cargo" (Article 19).

First, Plaintiff alleges a claim styled as "delay passenger and baggage." *See* Compl. at 5. Plaintiff appears to contend that by requiring him to pay baggage fees that should have been waived based on his airline status, Lufthansa and United violated Article 19 of the Montreal Convention. *See id.* Under Article 19, a "carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage, or cargo." Montreal Convention, art. 19. Plaintiff asserts that "forcing to pay for 1st baggage that should be free" is "considered as deny [*sic*] boarding and delay of passenger/baggage." Compl. at 5. Courts have construed "delays" under the Convention as circumstances where an "air carrier properly delivered baggage or persons to the appropriate destination but it did so in an untimely manner." *See, e.g.*, *Vumbaca v. Terminal One Grp. Ass'n L.P.*, 859 F. Supp. 2d 343, 366 (E.D.N.Y. 2012). Plaintiff does not explain in either his complaint

or his opposition why being charged a fee is tantamount to a "delay." *See* Compl. at 5; Dkt. No. 30 at 5. And Plaintiff's suggestion that the Court should equate them is contrary to the plain meaning of the term "delay." *Cf. Firsov v. Austrian Airlines AG*, No. 5:25-CV-03504, 2026 WL 1413122, at *3 (N.D. Cal. Mar. 31, 2026) (finding that plaintiff's being required to pay a pet fee prior to boarding is not a viable basis for a delay claim under Article 19).

In his opposition brief, Plaintiff attempts to pivot. He asserts that he was "denied boarding multiple times" and "delayed in departure/arrival" due to "non-payment of free baggage." Dkt. No. 30 at 2. Plaintiff provides no detail about any denial of boarding or the nature of any delay, aside from concluding that he was "delay[ed] forever." *See id.* at 4. To the extent these statements newly assert that Plaintiff experienced actual delays as a result of being required to pay baggage fees, the Court does not consider allegations alleged for the first time in an opposition to a motion to dismiss. *See, e.g.*, *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197, n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Moreover, such conclusory assertions are not enough, without more, to plausibly allege that Plaintiff suffered a delay within the meaning of Article 19.

As part of this claim, Plaintiff also asserts that he experienced "emotional distress" due to these baggage fees. *See* Compl. at 5. However, "[e]motional and dignitary harms are not 'damage' recoverable under Article 19." *Vumbaca*, F. Supp. 2d at 367. Although Plaintiff does not specifically reference Article 17(1) of the Montreal Convention, which governs airlines' liability for passenger injury, Plaintiff may not recover for emotional distress under that provision either. As the Ninth Circuit has explained, "[p]hysical manifestations of . . . emotional and mental distress do not satisfy the 'bodily injury' requirement under Article 17 . . . ." *See, e.g.*, *Carey v. United Airlines*, 255 F.3d 1044, 1054 (9th Cir. 2001).[4]

---

[4] The Montreal Convention entered into force in the United States in November 2003, succeeding the earlier Warsaw Convention. *See* Montreal Convention, art. 55; Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11 (hereinafter "Warsaw Convention"). In interpreting the Montreal Convention, courts have continued to rely on earlier cases interpreting Warsaw Convention provisions that are

8

United States District Court
Northern District of California

Second, Plaintiff alleges "tortious interference with international contracts under the Montreal Convention" against United. *See* Compl. at 9.  As best the Court can tell, this claim appears to pertain to baggage fees for two specific flight reservations that Plaintiff construes as a single international itinerary.  *See id.*  Plaintiff asserts that United refused to consider his two flight reservations a single international contract of carriage and required him to pay two separate baggage fees.  *See id.*  Plaintiff reiterates that he should not have had to pay any fees due to his status, and he suggests that having to pay for fees on a "roundtrip" flight is "arbitrary."  *Id.*  Because this claim also rests on Plaintiff's unsupported characterization of baggage fees as "delays" under Article 19 of the Montreal Convention, it similarly fails.[5]  *See id.*

Even liberally construing the complaint, Plaintiff has not stated a claim under the Montreal Convention and the Court **GRANTS** the motions to dismiss on this basis.

### iii.   State Law Claims

It seems unlikely, given the deficiencies identified above, that Plaintiff could amend the complaint to state a federal claim under the Montreal Convention.  And without a federal claim, the Court will not exercise supplemental jurisdiction over the remaining state law claims.  *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Id.* (quotation omitted) (original brackets).[6]  The Court therefore reserves

substantively the same as their Montreal counterparts.  *See, e.g.*, *Narayanan*, 747 F.3d at 1127, n.2.

[5] Plaintiff also references Articles 1(3) and 36 of the Montreal Convention.  *See* Compl. at 9.  However, these provisions do not function as independent sources of liability for carriers.  Rather, they simply explain under what circumstances multiple reservations constitute a single international itinerary such that they are subject to the Montreal Convention.  *See, e.g.*, *Robertson v. Am. Airlines, Inc.*, 401 F.3d 499, 504 (D.C. Cir. 2005).  Even assuming the itineraries here were subject to the Montreal Convention, Plaintiff still fails to allege a plausible claim under Article 19.

[6] To the extent Plaintiff suggests that the Court has diversity jurisdiction under 28 U.S.C. § 1332, Dkt. No. 28 at 3, the complaint does not plausibly allege that the amount in controversy exceeds

consideration of the state law claims at this time.

## III.    MOTIONS TO RECOVER COSTS

Plaintiff moves to recover costs associated with formally serving Defendants, pursuant to Federal Rule of Civil Procedure 4(d).  Dkt. Nos. 18, 46.[7]  Under Rule 4(d)(1), "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons."  Fed. R. Civ. P. 4(d)(1).  Accordingly, "[t]he plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons."  *Id.*  As corporate entities, Defendants are subject to service under Rule 4(h).  However, Plaintiff argues that Defendants failed to waive service and that he should be reimbursed for the costs of serving them.  Dkt. Nos. 18, 46.

First, Rule 4(d)'s fee-shifting provision only applies to "a defendant located within the United States."  Fed. R. Civ. P. 4(d)(2).  But as discussed above, Defendant Lufthansa is a German company, "duly organized and existing under the laws of the Federal Republic of Germany," and maintaining "its principal place of business in Cologne, Germany."  Dkt. No. 27, Ex. A at ¶¶ 5, 7.  Plaintiff has not explained why it is nevertheless entitled to recover costs for serving it.  *See Brockmeyer v. May*, 383 F.3d 798, 807–08 (9th Cir. 2004) (explaining Civil Rules Advisory Committee revised the proposed Rule 4 "to eliminate the provision assessing costs of service against foreign defendants that decline to waive service"); *Virtual Point, Inc. v. Hedera AB*, No. 13-CV-5690 YGR, 2014 WL 1729025, at *3 (N.D. Cal. Apr. 29, 2014) ("[B]y its terms, [Rule 4(d)] does not apply to a defendant located in a foreign country.").

Having reviewed the materials, it is also not clear that Plaintiff made a proper request for waiver of service as to Defendant United.  One of the requirements under Rule 4(d)(1) is that the request "be sent by first-class mail or other reliable means."  Fed. R. Civ. P. 4(d)(1)(G).  Here, Plaintiff indicates that various documents were mailed to Defendants' respective agents for service of process.  *See* Dkt. No. 18.  He points to his certificate of service, which has the box checked for

---

$75,000.
[7] Although Plaintiff initially filed his motion to recover costs in March 2026, Dkt. No. 18, he recently filed a second motion, styled as an "amended notice of motion and amended motion" to recover costs, Dkt. No. 46.  The Court addresses both motions.

United States District Court
Northern District of California

United States District Court
Northern District of California

"placed in U.S. Mail." Dkt. No. 9. The certificate of service itself is signed by "Kateryna Pomogaibo," who appears to reside in the same apartment complex as Plaintiff. *Id.* However, Defendant United filed a sworn statement from one of its senior officers stating that neither it nor its agent for service of process ever received Plaintiff's waiver request. Dkt. No. 29-1 at ¶¶ 4–6; *see also* Dkt. No. 49-1 at ¶ 3. Even assuming Plaintiff properly mailed the request for waiver, United has shown there is good cause for its failure to comply. *Accord Jones v. Huckabay*, Case No. 1:08-CV-00421, 2010 WL 3943557, at *2 (E.D. Cal. Oct. 7, 2010) (denying a request for reimbursement of costs where defendant presented evidence she did not receive waiver request).

The Court therefore **DENIES** Plaintiff's motions to recover costs.

## IV.  MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

Since filing the motions to dismiss, Defendants also filed a motion to declare Plaintiff a vexatious litigant under 28 U.S.C. § 1651(A). Dkt. No. 42. However, as noted above, a court in this district recently granted a similar motion in another case. *See Firsov v. Scandinavian Airlines System Denmark-Norway-Sweden*, Case No. 5:25-cv-03691-EMC, Dkt. No. 113 (N.D. Cal. June 23, 2026) ("Prefiling Order"). Under the Prefiling Order, Plaintiff is precluded from filing further complaints in this district that "alleg[e] any claims against an airline unless and until that complaint or other filing has first been reviewed by the General Duty Judge of this Court and approved for filing." *See id.* at 22.

Still, Defendants urge in reply that the Court should extend the existing Prefiling Order to include claims against "other travel industry defendants," and not just airlines. *See* Dkt. No. 47. The Court acknowledges, as Defendants aptly detail, that Plaintiff has sued other travel industry defendants in this district. *See id.* Even here, Plaintiff initially sued Marriott International, Inc. However, Plaintiff voluntarily dismissed Marriott without any Court intervention, and only the two airline Defendants remain. *See* Dkt. No. 39. Defendants are thus seeking an expansion of the Prefiling Order that would not offer them any additional protection. Defendants urge that such an expansion is nonetheless necessary to curb "Plaintiff's ongoing abusive tactics." *See id.* at 3. However, the Court finds based on the current record, and the posture of this case, that the existing Prefiling Order is adequate. The Court thus **DENIES** the motion to declare Plaintiff a vexatious

11

United States District Court
Northern District of California

litigant. Dkt. No. 42. The Court cautions Plaintiff, however, that this is not an invitation to file frivolous lawsuits against non-airline entities, and courts in this district are not precluded from imposing a broader prefiling order if needed in future.

In addition to opposing the motion to declare him vexatious, Dkt. No. 44, Plaintiff filed a motion to strike the motion, Dkt. No. 45. Plaintiff appears to argue that Defendant Lufthansa cannot challenge personal jurisdiction while also seeking sanctions against Plaintiff. Plaintiff offers no authority for his suggestion that Defendant Lufthansa is precluded from seeking such relief under the circumstances, and the Court **DENIES** the motion to strike.[8]

## V.    CONCLUSION

The Court **GRANTS** Defendants' motions to dismiss. Dkt. Nos. 22, 26. Given the nature of the deficiencies identified above, the Court is skeptical that Plaintiff could amend the complaint to correct them. Nevertheless, at this early stage, the Court cannot say that amendment necessarily would be futile. Out of an abundance of caution, the Court will grant Plaintiff one opportunity to amend his complaint. Plaintiff may therefore file an amended complaint by August 7, 2026, but he may not add any new claims or defendants. Plaintiff is cautioned that he must plead his best case and must clearly explain the basis for personal jurisdiction over Defendant Lufthansa and Defendants' alleged liability under the Montreal Convention. If he cannot do so, the case will be dismissed.

The Court **DENIES** Plaintiff's motions to recover costs, Dkt. Nos. 18, 46; **DENIES** Defendants' motion to declare Plaintiff a vexatious litigant, Dkt. No. 42; and **DENIES** Plaintiff's motion to strike, Dkt. No. 45.

**IT IS SO ORDERED.**

Dated:   7/8/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[8] Courts in this district have rejected Plaintiff's same argument in other cases. *See* Prefiling Order at 16.