United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

Plaintiff,

v.

UNITED AIRLINES, INC., et al.,

Defendants.

Case No. 25-cv-09746-HSG

**ORDER DENYING MOTION FOR RECONSIDERATION**

Re: Dkt. No. 51

Pending before the Court is pro se Plaintiff Sergey Firsov's motion to reconsider the Court's July 8 order denying his request to recover costs. Dkt. No. 51. Plaintiff formally moves for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). However, Rule 59(e) requires entry of a judgment and Rule 60(b) requires a final judgment or order. Neither has occurred here as the Court granted Plaintiff leave to amend the complaint by August 7, 2026. *See* Dkt. No. 50 at 12. The Court therefore construes Plaintiff's motion as a motion for reconsideration of an interlocutory order. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *see also* Civil Local Rule 7-9 (governing motions for reconsideration).

Under the Northern District's Civil Local Rule 7-9, a party may request leave to move for reconsideration, provided he can show reasonable diligence and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of

> reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b)(1)–(3). As an initial matter, Civil Local Rule 7-9(a) requires Plaintiff to seek leave of Court before filing a motion for reconsideration, which he did not do. *See* Civil L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). In any event, the Court finds that reconsideration is unwarranted.

Plaintiff previously moved to recover costs associated with formally serving Defendant United Airlines, Inc. pursuant to Federal Rule of Civil Procedure 4(d).[1] Dkt. Nos. 18, 46. In denying the motion, the Court noted that it was "not clear that Plaintiff made a proper request for waiver of service as to Defendant United." *See* Dkt. No. 50 at 10. Nevertheless, the Court reasoned that even if Plaintiff had done so, United had shown there was good cause not to comply with Plaintiff's waiver request. *Id.* at 10–11. Specifically, United had "filed a sworn statement from one of its senior officers stating that neither it nor its agent for service of process ever received Plaintiff's waiver request." *Id.* at 11 (citing Dkt. No. 29-1 at ¶¶ 4–6).

In support of his motion for reconsideration, Plaintiff attaches a receipt from the U.S. Postal Service. *See* Dkt. No. 51, Exhibit A. The receipt shows that first-class postage was purchased for two large envelopes to Glendale and Sacramento, California on January 5, 2026. *Id.* The receipt includes "estimated delivery dates" for each envelope, but does not contain any tracking information. *Id.* This evidence is not new and presumably Plaintiff could have presented it with his initial motion to recover costs. But critically, and contrary to Plaintiff's suggestion otherwise, the receipt does not confirm actual delivery and thus does not undermine the Court's

[1] Plaintiff also sought to recover costs associated with formally serving Defendant Deutsche Lufthansa Aktiengesellschaft, but Plaintiff does not appear to seek reconsideration of the Court's order as to that Defendant. *See* Dkt. No. 50 at 10.



United States District Court
Northern District of California

United States District Court
Northern District of California

prior reasoning. The Court therefore **DENIES** Plaintiff's motion for reconsideration. Dkt. No. 51.

**IT IS SO ORDERED.**

Dated: 7/23/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge