United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,
Plaintiff,
v.
UNITED AIRLINES, INC., et al.,
Defendants.

Case No. 25-cv-09746-HSG

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 55

Pending before the Court is Defendant United Airline Inc.'s motion to dismiss. Dkt. No. 55. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the

complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## II. DISCUSSION

### A. Montreal Convention

The Court previously dismissed Plaintiff Sergey Firsov's original complaint, finding that it failed to (1) establish personal jurisdiction over Defendant Deutsche Lufthansa Aktiengesellschaft; and (2) state a claim under the Montral Convention. *See* Dkt. No. 50. Plaintiff amended the complaint, *see* Dkt. No. 54 ("FAC"), and Defendant United again moves to dismiss the complaint, Dkt. No. 55.[1] The Court continues to find that Plaintiff has failed to state a claim under the Convention.

Once again, Plaintiff purports to bring two claims under the Montreal Convention. The Convention "provides the exclusive remedy for international passengers seeking damages against airline carriers." *Narayanan v. Brit. Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014). Airline carriers may be liable under the Montreal Convention for: (1) "Death and Injury of Passengers" (Article 17(1)); (2) loss, damage, or destruction of baggage (Article 17(2)–(3)); and (3) "delay in the carriage by air of passengers, baggage, or cargo" (Article 19).

Plaintiff's first Montreal Convention claim is styled as "delay passenger/baggage, refuse

[1] As noted below, Defendant Lufthansa did not join the motion to dismiss or file its own motion.

from paid contract." *See* FAC at 5. Plaintiff continues to contend that by requiring him to pay baggage fees that should have been waived based on his airline status, Defendants violated Article 19 of the Montreal Convention. *See id.* The Court already rejected this theory. Under Article 19, a "carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage, or cargo." Montreal Convention, art. 19. However, as the Court explained, being charged a fee is not tantamount to a "delay." *See* Dkt. No. 50 at 7–8.

At times, Plaintiff attempts to suggest that he was in fact delayed as a result of the baggage fees. He asserts that "Plaintiff with baggage was delayed 'forever.'" *See* FAC at 5. Plaintiff then lists a handful of dates where he says United demanded baggage fees "and denied [him] boarding." *Id.* He concludes that he "lost money for first free baggage and lost ticket cost as deny [*sic*] boarding without pay." *Id.* But critically, and as before, Plaintiff offers no factual allegations to support the conclusory assertion that he or his bags were ever actually delayed as a result of United's conduct. Although Plaintiff suggests that he was denied the ability to board flights because he refused to pay baggage fees and was thus "delayed forever," he also states elsewhere that he paid the baggage fees "every time," and that eventually United refunded these fees. *See id.* at 3–5. For example, Plaintiff suggests that he was unable to board a United flight on February 2, 2025. *See id.* at 5. However, elsewhere in the complaint he cites the same February flight and states that he took it "without [seat] upgrade and paid $40 for free baggage." *See id.* at 4. Even liberally construed, Plaintiff's complaint alleges that he was "denied" the right to board flights and was thus "delayed" for purposes of Article 19 because he had to—and did—pay baggage fees. Once again, the Court finds that this is insufficient to constitute a "delay" under Article 19 of the Montreal Convention. *See* Dkt. No. 50 at 7–9.

Rather than provide any factual support for a claim of "delay" under Article 19, Plaintiff appears to pivot, listing several other provisions of the Montreal Convention. *See* FAC at 5–11. Critically, these do not create any additional liability or independent cause of action. Article 26, for example, simply states that contract provisions that "relieve the carrier of liability or [] fix a lower limit than that which is laid down in this Convention shall be null and void." Article 27, a corollary, provides for "freedom to contract" such that the Convention does not "prevent the

carrier from refusing to enter into any contract of carriage, from waiving any defences available under the Convention, or from laying down conditions which do not conflict with the provisions of this Convention." These provisions do not transform Plaintiff's purported breach of contract claim into a claim under the Montreal Convention.

Plaintiff's second claim under the Montreal Convention is styled as "tortious interference with international contracts under Montreal Convention." *See* FAC at 9. Plaintiff contends that United "intentionally disrupted contracts by delaying state match where baggage is free and upgrade to more comfortable seats." *Id.* He contends that this also had a compounding effect, where other Star Alliance airlines charged him these fees too. *Id.* There is no freestanding breach of contract or tortious interference claim under the Montreal Convention. To the extent that Plaintiff is attempting to conflate baggage fees and delays for purposes of Article 19, the Court has already rejected this theory above. In short, Plaintiff has failed to state a claim under the Montreal Convention.

**B. Diversity Jurisdiction**

To the extent Plaintiff suggests that the Court has diversity jurisdiction under 28 U.S.C. § 1332, *see* FAC at 2, the Court rejects that argument. District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Here, however, even assuming Plaintiff and Defendants are citizens of different states, the FAC does not plausibly allege that the amount in controversy exceeds $75,000. Both in the FAC and in his opposition brief, Plaintiff suggests that he is entitled to punitive damages and emotional distress damages of "more" than $75,000. *See* FAC at 12; Dkt. No. 57 at 4. But Plaintiff offers nothing in support of this assertion and such conclusory and unsupported damages requests are insufficient to establish that the amount in controversy is met. The Court also notes, as it did before, that emotional and dignitary harms are not recoverable under Article 19 of the Convention. *See* Dkt. No. 50 at 8.

**C. Supplemental Jurisdiction**

The Court will not exercise supplemental jurisdiction over the remaining state law claims. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C.

United States District Court
Northern District of California

§ 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quotation omitted) (original brackets). Given the early stage in the proceedings, the Court finds this to be the "usual case" in which judicial economy, convenience, fairness, and comity all weigh in favor of declining to exercise supplemental jurisdiction over the remaining state law claims.

## III. CONCLUSION

The Court **GRANTS** the motion to dismiss. Dkt. No. 55. Plaintiff has had ample opportunity to amend the complaint and has failed to cure the deficiencies that the Court previously identified. The Court therefore **DISMISSES** the case against Defendant United without leave to amend. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (quotations omitted); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009), *as amended* (Feb. 10, 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotation omitted)). Plaintiff's Montreal Convention claims against Defendant United are **DISMISSED WITH PREJUDICE**. Plaintiff's state law claims against Defendant United are **DISMISSED WITHOUT PREJUDICE** to refiling in state court if Plaintiff may do so consistent with the prefiling order in state court. The Clerk is directed to enter judgment in favor of Defendant United and against Plaintiff.

The Court notes the unusual posture of this case since Defendant Lufthansa did not file a response to the FAC. The Court therefore does not address whether Plaintiff has adequately alleged personal jurisdiction over Defendant Lufthansa. Plaintiff filed for entry of default against Defendant Lufthansa under Federal Rule of Civil Procedure 55(a). *See* Dkt. No. 61. In response, Defendant Lufthansa filed objections, urging that Plaintiff did not properly serve it with the FAC. Dkt. No. 63. The Clerk's Office recently denied the request for default, noting that there is no

proof of service on file. Dkt. No. 64. The Court accordingly **DIRECTS** Plaintiff to **SHOW CAUSE** why the case should not be dismissed as to Defendant Lufthansa for failure to properly serve it with the FAC. Plaintiff shall file a response of no more than three pages by September 21, 2026.

**IT IS SO ORDERED.**

Dated: 9/8/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge